IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br><br>vs<br><br>MIGUEL RIVERA-HERNANDEZ<br>Defendant | CRIMINAL 03-137CCC |

**O R D E R**

Before the Court is the Motion to Set Aside Jury Verdict on Count Two filed by defendant Miguel Rivera-Hernández on September 22, 2005 (**docket entry 151**), which the United States opposed on September 27, 2005 (**docket entry 152**), and to which defendant replied on September 30, 2005 (**docket entry 154**).

Defendant's motion is based on a mistaken interpretation of the First Circuit Court of Appeals opinion in United States v. Carucci, 364 F.3d 339 (1st Cir. 2004). Contrary to defendant's argument that acquittal on the extortion count left the case bereft of the predicate offense required for conviction on the money laundering count, the Court's analysis in Carucci was not that acquittal on the predicate crime necessarily requires automatically vacating the 18 U.S.C. §1957 conviction on Count Two. Instead, it was a sufficiency of the evidence analysis that led the Court to conclude that the funds used in the financial transaction were not linked to any of the three specific unlawful activities underlying the §1957 charges: drug trafficking, extortion, and gambling. Although defendant contends in his reply that he is not shunning the Dunn rule on inconsistent verdicts, see Dunn v. U.S., 284 U.S. 390, 52 S.Ct. 189 (1932), extensively discussed with approval in United States v. Powell, 469 U.S. 57, 105 S.Ct. 471 (1984),[1] but rather avers that there was insufficient evidence on Count Two to support the

---

[1] The Court in Powell observed:

CRIMINAL 03-0137CCC                                   2

conviction, his entire argument regarding the insufficiency of the evidence on the money laundering count is that the government failed to prove the extortion count charged in Count One. See the following statements in defendant's reply (docket entry 154):

> It is our position that the acquittal of the Extortion charge is exactly what must be considered in determining whether sufficient evidence existed to prove the said charged offense.

(Page 3.)

> . . . although the extortion charge could have survived an acquittal on the money laundering charge since the latter is not an underlying offense or conduct of the first; the money laundering charge cannot.

---

> As the Dunn Court noted, where truly inconsistent verdicts have been reached, '[t]he most that can be said . . . is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt.' Dunn, 284 U.S., at 393, 52 S.Ct., at 190. The rule that the defendant may not upset such a verdict embodies a prudent acknowledgment of a number of factors. First, as the above quote suggests, inconsistent verdicts—even verdicts that acquit on a predicate offense while convicting on the compound offense—should not necessarily be interpreted as a windfall to the Government at the defendant's expense. It is equally possible that the jury, convinced of guilt, properly reached its conclusion on the compound offense, and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion on the lesser offense. But in such situations the Government has no recourse if it wishes to correct the jury's error; the Government is precluded from appealing or otherwise upsetting such an acquittal by the Constitution's Double Jeopardy Clause. [Citations omitted.]
>
> Inconsistent verdicts therefore present a situation where "error," in the sense that the jury has not followed the court's instructions, most certainly has occurred, but it is unclear whose ox has been gored. Given this uncertainty, and the fact that the Government is precluded from challenging the acquittal, it is hardly satisfactory to allow the defendant to receive a new trial on the conviction as a matter of course. Harris v. Rivera, [454 U.S. 339, 102 S.Ct. 460 (1981)], indicates that nothing in the Constitution would require such a protection, and we therefore address the problem only under our supervisory powers over the federal criminal process. For us, the possibility that the inconsistent verdicts may favor the criminal defendant as well as the Government militates against review of such convictions at the defendant's behest. This possibility is a premise of Dunn's alternative rationale—that such inconsistencies often are a product of jury lenity.

Powell, 469 U.S. at 64-65, 105 S.Ct. at 476-477.

CRIMINAL 03-0137CCC                       3

(Page 4.)

> . . . the testimonies of Cobián, and Dávila . . . were expressly and clearly rejected by the jury when they returned a not guilty verdict on Count I.

(Page 5.)

> The defendant's acquittal as to the extortion preempts any possibility that the government could have to satisfy the unlawful activity requirement set forth by §1957.

(Page 6.)

Defendant has utterly failed to do an insufficiency of the evidence analysis on Count Two qua Count Two, relying instead on his acquittal on Count One as proof of the insufficiency of evidence of extortion as the specified unlawful activity element of Count Two.  The Court in Powell clearly stated that "a criminal defendant . . . is afforded protection against jury irrationality or error by the independent review of the sufficiency of the evidence undertaken by the trial and appellate courts."  Powell, 469 U.S. at 67, 105 S.Ct. at 478.  The Court also cautioned that "[t]his review should be independent of the jury's determination that evidence on another count was insufficient."  Id.  Our assessment of the evidence adduced at trial convinces us that the jury could rationally have reached a verdict of guilty beyond a reasonable doubt on Count Two.  The evidence was not only sufficient on the first two elements of the §1957 charge, but also on its third and last element that the property involved in the transaction was actually derived from specified unlawful activity, in this case, extortion under color of official right.

Finally, defendant's argument at pages 3-4 of his Motion to Set Aside Jury Verdict on Count Two that the government's failure to prove its case for the Hobbs Act extortion left the case bereft of the predicate offense required for a conviction under 18 U.S.C. §1957 was struck down by the Court in Powell with these words:

> Whether presented as an insufficient evidence argument, or as an argument that the acquittal on the predicate offense should collaterally estop the Government on the compound offense, the argument necessarily assumes that the acquittal on the predicate offense was proper–the one the jury "really meant."  This, of

CRIMINAL 03-0137CCC                    4

> course, is not necessarily correct; all we know is that the verdicts are inconsistent. The Government could just as easily–and erroneously–argue that since the jury convicted on the compound offense the evidence on the predicate offense must have been sufficient.

Powell, 469 U.S. at 68, 105 S.Ct. at 478.

For the reasons stated, the Motion to Set Aside Jury Verdict on Count Two filed by defendant on September 22, 2005 (**docket entry 151**) is DENIED.

**Defendant's sentencing hearing is set for JANUARY 24, 2006 at 4:15 P.M.**

SO ORDERED.

At San Juan, Puerto Rico, on October 18, 2005.

                              S/CARMEN CONSUELO CEREZO
                              United States District Judge