IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>vs<br>MIGUEL RIVERA-HERNANDEZ<br>Defendant | CRIMINAL 03-0137CCC |

**O R D E R**

Having considered the Objections to Pre-Sentence Investigation Report included in the Sentencing Memorandum filed by defendant Miguel Rivera-Hernández on January 19, 2006 (**docket entry 165**), the Court RULES as follows:

(1) Cover Page: Arrest Date - defendant claims that he was never arrested, but turned himself in after learning of the existence of an arrest warrant. This objection is OVERRULED, as the Pre-Sentence Report (PSR) is accurate as to the date of the arrest. Turning himself in does not change the fact that he was placed under custody on May 14, 2003.

(2) Paragraph 6, page 2 - defendant alleges that the evidence presented at trial did not establish that during the first meeting held at El Hipopótamo Restaurant between Mr. Henoc Dávila-Soto, Mr. José Cobián and himself, he told Cobián that CSC was in the process of receiving work from the Administration of Juvenile Institutions (AIJ), that CSC was looking for a subcontractor, and that he could help Cobián get the subcontract with CSC if he payed him. He asks for the deletion of this information from the Pre-Sentence Report (PSR). Having reviewed the notes taken by the undersigned during the trial, the Court SUSTAINS the objection and ORDERS that the phrase "Several days later" be deleted from the third sentence of paragraph 6 and that its third and fourth sentence be substituted with the following language:

> During the meeting, the defendant told Mr. José Cobián that there was a project to build a prison in Salinas for AIJ and asked him if he was interested in being the contractor. Once Cobián said to Rivera that he would like to be the contractor for the Salinas project, defendant told him that it was going to cost him.

CRIMINAL 03-0137CCC

(3) Paragraph 6, page 2 - defendant avers that the evidence presented at trial established that Cobián received just one contract as a result of the payment to defendant, and not three contracts totaling approximately nine million dollars as stated in this section. Also, defendant claims that the statement that the contracts were awarded "without having been exposed to the required process" is contrary to the evidence. Thus, he asks for their deletion from the PSR. Having reviewed the trial notes, the objection is SUSTAINED. Accordingly, the word "after" and the phrase "Cobián, Agustín & Ramos received three contracts totaling approximately nine million dollars and began working on both the Salinas and Bayamón projects" are ORDERED DELETED from the eleventh sentence of the PSR. Similarly, the entire twelfth sentence ["This was done without having been exposed to the required process."] is also ORDERED DELETED.

(4) Paragraph 9, page 3 - defendant reiterates that he was not arrested, but turned himself in. This objection is OVERRULED. The fact that defendant Rivera self-surrendered upon knowing of the existence of an arrest warrant does not mean that he was not, placed under custody and booked on May 14, 2003.

(5) Paragraph 20, page 6 - defendant posits that the money laundering offense did not involve any other specified unlawful activity that was proven beyond a reasonable doubt, and objects the two-level upward adjustment applied pursuant to U.S.S.G. §2S1.2(b)((1)(B). Defendant is obviously implicating that because of his acquittal as an aider and abettor in the extortion charged in Count 1, said conduct may not be considered as the specified unlawful activity which would sustain the two-level upward adjustment under guideline section 2S1.2(b)((1)(B). However, United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), preserved the use of judge-made findings based on the preponderance of the evidence by directing that the guidelines thereafter be treated as advisory rather than mandatory guidelines. See United States v. Antonakopoulos, 399 F.3d 68, 75 (1st Cir.2005). Thus, guidelines adjustments that are sustained by a preponderance of the evidence may continue to be applied as long as the sentence ultimately imposed is within statutory limits. In this instance, the

CRIMINAL 03-0137CCC

preponderance of the evidence presented at trial established that the property object of the money laundering charged in Count 2 was actually derived from specified unlawful activity, i.e. extortion under color of official right. See Order dated October 18, 2005 (docket entry 160), p. 3. Thus, the adjustment under U.S.S.G. §2S1.2(b)((1)(B) was properly applied and defendant's objection to it is OVERRULED.

(6) Paragraph 25, page 6 - defendant claims having accepted his specific responsibility and involvement in the offense charged and asks for a three point reduction to his offense level under U.S.S.G. §3E1.1. Defendant based the request on his version of the events submitted to the U.S. Probation Officer. See PSR at pp 4-5, ¶¶ 12-17. Not only is this a late claim of "acceptance of responsibility," but does not constitute any such acceptance. It is, instead, basically a reinstatement of defendant's theory as explained to the jury in the opening statement. The theory is, by itself, a defense which places Mr. Rivera as a consultant or advisor working for Mr. Cobián in an effort to refute the charges of the indictment and the government's proof in support thereof. Aside from being an exculpatory version of facts, there was no trial evidence in support thereof. Given that under the Sentencing Guidelines an acceptance of responsibility reduction "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt...." U.S.S.G. §3E1.1, comment (n.2) (1997), defendant is not eligible for a downward reduction for acceptance of responsibility. Thus, his objection is OVERRULED.

(7) Paragraph 31, page 7 - defendant insists, based on the previous two objections, that his total offense level should be 16 instead of 21, with a guideline sentencing range of 21 to 27 months instead of 37 to 46 months. Having overruled his two previous objections, it necessarily follows that this one is also OVERRULED.

(8) Paragraph 43, page 10 - defendant objects to the wording of this paragraph. His objection is NOTED and SUSTAINED, and the paragraph shall be amended as requested by him.

CRIMINAL 03-0137CCC

(9) Paragraph 44, page 10 - defendant's typographical objection to a word in this paragraph is NOTED and SUSTAINED. The misspelled word shall be corrected.

(10) Paragraph 45, page 10 - defendant objects to another typographical error, and also avers that he resigned from his employment in Georgia and not "forced to leave" as stated in the PSR. This objection is SUSTAINED. The misspelled word shall be corrected. In addition, the last sentence of paragraph 45 is ORDERED DELETED and shall be substituted with the following wording: "He resigned from his employment."

(11) Paragraph 47, page 11 - defendant objects to the statement that he "resigned" as he was self-employed. This objection is SUSTAINED. Accordingly, the last sentence of this paragraph is ORDERED DELETED and will be substituted with the following: "In 2002 he relocated to Georgia."

(12) Overall objection - defendant objects to the entire PSR contending that it does not contain all the information relevant to the sentencing factors established in 18 U.S.C. §3553(a). This objection is OVERRULED because of lack of specificity.

SO ORDERED.

At San Juan, Puerto Rico, on January 24, 2006.

S/CARMEN CONSUELO CEREZO
United States District Judge